PER CURIAM.
1 ]Writ granted; case remanded to the district court. The district court is ordered to clarify for the record the factual basis for its ruling that respondent is entitled to a new trial; in particular the basis for its finding that respondent suffered prejudice as a result of trial counsel’s failure to effectively communicate the state’s mid-trial plea offer. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Washington, 491 So.2d 1337 (La.1986) (reviewing court must reverse conviction if petitioner shows that counsel’s performance fell below objective standard of reasonableness under prevailing professional norms and that counsel’s inadequate performance prejudiced the petitioner). The district court may, but is not required to, conduct additional hearings in furtherance of this order, at which respondent may testify. In the event that the court elects to conduct any additional hearings, respondent is entitled to the appointment of counsel. La.C.Cr.P. art. 930.7(C).